IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYON HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-35-GBW |
| | ) |
| DELAWARE DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Kyon Harvey, Howard R. Young Correctional Institution, Wilmington, Delaware – *Pro Se* Plaintiff

May 22, 2025
Wilmington, Delaware

WILLIAMS, U.S. District Judge:

## I.  INTRODUCTION

On January 8, 2025, Plaintiff Kyon Harvey, a pretrial detainee at Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, initiated this civil action *pro se*, alleging civil rights violations, pursuant to 42 U.S.C. § 1983, by Defendants Delaware Department of Corrections and Warden Parker. (D.I. 3). Plaintiff was granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

## II.  BACKGROUND

The Complaint alleges that, on November 28, 2024, Plaintiff was housed in 2-E Pod, Cell 9, at HRYCI when the following events occurred:

> [A] sentenced inmate[,] Khaalid Lopez[,] came into cell 9 with the intentions of assaulting [Plaintiff]. As he began his assault[, Plaintiff] tried to do everything [he] could possibly to prevent this inmate from assaulting [him]. Another inmate[,] Ryan Resop[,] was outside of cell 9 and was attempting to close [Lopez] inside cell 9 with [Plaintiff,] and [Resop] eventually succeeded in closing the door[,] locking [Lopez] inside cell 9[,] which was the housing cell [Plaintiff] occupied and not Lopez. [Lopez] sucker punched [Plaintiff] and continued his assault until police got [the ]door unlocked and [Plaintiff] was on the ground when Lopez kicked [Plaintiff] with a final kick to [the] face[,] ending the assault.

(D.I. 3 at 5-6.) The above-stated facts are transcribed from the Complaint and assumed true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366,

1

374 (3d Cir. 2021). Based on the foregoing, Plaintiff would like to "receive compensation for pain and suffering," and he "would like to be released from [HRYCI] because of failure to protect [him from] cruel and unusual punishment." (D.I. 3 at 8.)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## IV. DISCUSSION

Even when employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint fails to state a claim against any named Defendant, warranting dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend.

First, Defendant Delaware Department of Corrections must be terminated as a party to this action because it is a State agency of Delaware and, absent consent, States and their agencies are not viable defendants in federal civil rights suits, pursuant to Eleventh Amendment sovereign immunity and the meaning of "person" in 42 U.S.C. § 1983. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that 42 U.S.C. § 1983 does not create a cause of action against a State or its officials acting in their official capacities); *Robinson v. Danberg*, 729 F. Supp. 2d 666, 675 (D. Del. 2010) ("as an agency of the State of Delaware, the DOC is entitled to immunity"). Amendment is futile for claims against Defendant Delaware Department of Corrections.

Second, Defendant Warden Parker must be terminated as a party to this action because the Complaint does not allege that he was in any way involved in the November 28, 2024 incident. A "defendant in a civil rights action must have

4

personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). In a § 1983 suit, "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Short of showing Defendant Warden Parker participated in, gave approval for, or was otherwise personally involved in the alleged November 28, 2024 attack on Plaintiff, amendment is futile for claims against Defendant Warden Parker.

Third, the two HRYCI inmates named in the Complaint, who are alleged to have carried out and assisted with the November 28, 2024 attack, do not appear to be suitable defendants for this action. A defendant in a federal civil rights suit must be a state actor, or a person acting under color of law. *See* 42 U.S.C. § 1983. Based on the facts alleged, the two HRYCI inmates appear to be private actors, who cannot be held responsible for a constitutional violation in this case. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (acknowledging "there is no 'simple line' between state and private actors" and "outlin[ing] three broad tests generated by the Supreme Court jurisprudence to determine whether state action exists").

5

Fourth, the Complaint does not allege sufficient facts to support a constitutional claim against any prison official for failure to protect Plaintiff. As a pretrial detainee, Plaintiff's due process rights provide "a clearly established constitutional right to have prison officials protect him from inmate violence." *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012), *abrogated on other grounds as recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a § 1983 claim for failure to protect, Plaintiff must show that a prison official was deliberately indifferent to a substantial risk of harm to Plaintiff's health and safety. *See id.* Showing deliberate indifference requires that "defendants actually knew or were aware of the significant risk of harm to the plaintiffs." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Since the Complaint alleges no such actual knowledge or awareness by any prison official prior to police intervention during the November 28, 2024 incident, the Complaint fails to state a failure-to-protect claim.

Because it is conceivable that the above-discussed deficiencies could be cured, the Complaint will be dismissed without prejudice, and Plaintiff will be given leave to amend, in accordance with this Memorandum Opinion and corresponding Order. Filing an Amended Complaint that fails to comply with this Memorandum

Opinion and corresponding Order may result in dismissal with prejudice. Also, taking no action will result in case closure.

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (D.I. 3.) Dismissal will be without prejudice, and Plaintiff will be given leave to amend the Complaint.

An appropriate Order will be entered.